**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NATIONSTAR MORTGAGE LLC,

    Plaintiff-counter-
    defendant-Appellee,

  v.

VEGAS PROPERTY SERVICES, INC.,

    Defendant-counter-claimant-
    Appellant,

  v.

BARBARA J. ESSES,

    Counter-defendant.

No.   20-15054

D.C. No.
2:17-cv-00617-RFB-BNW

MEMORANDUM<sup>*</sup>

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted February 5, 2021<sup>**</sup>
San Francisco, California

---

    <sup>*</sup>    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    <sup>**</sup>    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: SILER,*** IKUTA, and NGUYEN, Circuit Judges.

Defendant Vegas Property Services, Inc. (VPS) timely appeals the summary judgment in favor of Plaintiff Nationstar Mortgage LLC. The district court had jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291.

Under the Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3), VPS's foreclosure sale did not extinguish Fannie Mae's first deed of trust on the residential property at issue here.[1] At the time of the foreclosure sale, Fannie Mae, the owner of the promissory note, held a security interest in the property through its agent, Bank of America, which was the record beneficiary of the deed of trust. *See Berezovsky v. Moniz*, 869 F.3d 923, 932 (9th Cir. 2017) ("Nevada law thus recognizes that, in an agency relationship, a note owner remains a secured creditor with a property interest in the collateral even if the recorded deed of trust names

***    The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

[1] The Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3), provides that "[n]o property of the [Federal Housing Finance Agency (FHFA)] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the [FHFA], nor shall any involuntary lien attach to the property of the [FHFA]." Because the FHFA placed Fannie Mae into a conservatorship, Fannie Mae's assets are deemed to be property of the FHFA for purposes of the Federal Foreclosure Bar. *See Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1143 (9th Cir. 2018).

2

only the owner's agent."). Fannie Mae was not required to record its interest under NRS 111.315, NRS 106.210, or otherwise, because the acquisition of a loan does not constitute an assignment or conveyance of property that must be recorded. *See Daisy Tr. v. Wells Fargo Bank, N.A.*, 135 Nev. 230, 233–34 (2019). Fannie Mae provided reliable evidence that it owned a security interest in the property, including business records, declarations, and relevant excerpts from Fannie Mae's Service and Selling Guide. *See Berezovsky*, 869 F.3d at 932–33 (finding similar evidence sufficient). Because FHFA is entitled to the protection of the Federal Foreclosure Bar unless it affirmatively relinquishes that protection, VPS's argument that Fannie Mae implicitly consented to foreclosure fails. *See id.* at 929–31. VPS failed to provide any affirmative evidence of Fannie Mae's consent, and therefore the Federal Foreclosure Bar continued to apply. *See id.*

Contrary to VPS's argument that the Federal Foreclosure Bar violates its due process rights, there is no "constitutionally protected property interest in purchasing [p]roperty with free and clear title" at an HOA foreclosure sale. *See Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1148 (9th Cir. 2018). The lack of an administrative procedure for requesting consent from Fannie Mae does not deprive HOA buyers of due process. *See id.* at 1151.

**AFFIRMED.**